**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

DARIUS HARRIS
ADC # 118656                                                          PLAINTIFF

V.                               5:07CV00312 JLH/HDY

KIM LUCKETT, Deputy Security Warden, Varner Unit,
Arkansas Department of Correction; BROOKS PARKS,
Asst. Warden, Varner Unit, Arkansas Department of Correction;
and GRANT HARRIS, Asst. Warden, Varner Unit,
Arkansas Department of Correction                                     DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Chief

Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than eleven (11) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

1

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Harris, along with a co-Plaintiff, Michael Steven Smith, whose claims have previously been dismissed for failure to prosecute (docket entry #21), initiated this *pro se* action by filing a Complaint and Applications to Proceed *In Forma Pauperis* pursuant to 42 U.S.C. § 1983. Plaintiffs alleged that they were improperly convicted of a disciplinary violation for engaging in sexual activity together in the showers.  They challenged the factual basis of the conviction, and contended that the Defendants discriminated against them because of their sexual orientation and denied them due process in the investigation of their grievances concerning the conviction.  By way of relief they sought, among other things, compensatory and punitive damages, release from administrative segregation, transfer to another unit, and expungement of their records.

Plaintiff Harris's Complaint was served upon the Defendants, who have filed two Motions

2

to Dismiss the claims against them (docket entries ## 36 & 38).  Plaintiff Harris was first given thirty days in which to respond to the Motions, based on his *pro se* status.  *See* docket entry # 42.  Plaintiff Harris then submitted a pleading which the Court construed as a Motion for Voluntary Dismissal of his unexhausted claims against Defendants Washington, Walker, and Bell.  The Court granted Plaintiff a voluntary non-suit as to those Defendants (docket entry #47) on July 23, 2008, and granted Plaintiff an additional thirty days in which to respond to the Motion to Dismiss as to his claims against the remaining Defendants: Harris, Luckett, and Parks.

As of this date, Plaintiff has not filed responses to the motions.  Plaintiff was reminded multiple times of the requirements of Local Rule 5.5(c)(2) and cautioned that the failure to respond could result in the dismissal of his lawsuit.  *See* docket entries ## 45 & 42.  Although this Court can dismiss Plaintiff's complaint solely on the basis of his failure to respond, this Recommendation will address the merits of Defendants' motions to dismiss.  The claims that Defendants have addressed are Plaintiff's contentions that they have violated his due process rights by punishing him without receiving a fair and impartial hearing; violated his 1st Amendment right to criticize the prison officials when he disagreed with them prior to being placed in Administrative Segregation; and violated his 8th Amendment rights when they found him guilty of the disciplinary charges.  After carefully reviewing the Defendants' Motions, as well as Plaintiff's allegations in his Complaint and Amended Complaint, the Court recommends that the Defendants' Motions to Dismiss be granted.

## I.  Standard of Review

In order to withstand a motion to dismiss, a *pro se* plaintiff must set forth enough factual allegations to "nudge their claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)(*overruling Conley v. Gibson*, 355 U.S. 41 (1967), and

setting new standard for failure to state a claim upon which relief may be granted). Regardless whether a plaintiff is represented or appearing *pro se*, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002)(citations omitted).

Furthermore, the Court, in construing the Complaint, may also consider the attachments thereto. Any written instrument attached to a complaint is considered a part of the complaint, and may be considered in ruling on a motion to dismiss. Fed.R.Civ.P. 10(c); *Quinn v. Ocwen Federal Bank FSB*, 470 F.3d 1240, 1244 (8th Cr. 2006)("[W]ritten instruments attached to the complaint become part of it for all purposes. *See* Fed.R. Civ.P. 10(c). 'For that reason, a court ruling on a motion to dismiss under Rule 12(b)(6) may consider material attached to the complaint.'")(internal citations omitted).

## II. Analysis

### A. *Heck* Issues

As a preliminary matter, the Court finds that portion of Plaintiff's complaint which challenges his disciplinary conviction to fall within the context of *Heck v. Humphrey*, 114 S.Ct. 2364 (1994) and *Sheldon v. Hundley*, 83 F. 3d 231 (8th Cir. 1996).  In *Heck*, the United States Supreme Court held that, if a judgment in favor of a prisoner in an action under 42 U.S.C. § 1983 would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, no claims for damages lie unless the conviction or sentence is reversed, expunged, or called into question by the issuance of a federal *writ of habeas corpus*.  In *Sheldon, supra*, the Eighth Circuit Court of Appeals applied *Heck* within the context of prison disciplinary proceedings, and held that an inmate

may not bring such an action challenging a disciplinary that resulted in the loss of good-time credits until the disciplinary proceedings have been invalidated. *Id.* at 233. To the extent that Plaintiff requests monetary damages based on the unlawfulness of the sentence, the Court finds that this portion of the claims must fail pursuant to *Heck*. A finding by this Court in favor of the Plaintiff would imply the invalidity of the disciplinary proceeding. Plaintiff cannot pursue a § 1983 action based on the alleged violation of his rights until the disciplinary has been invalidated by a state or federal court.[1]   Therefore, that portion of the Complaint should be dismissed pursuant to the screening function set forth at § 1915A of the Prison Litigation Reform Act.

### B.  Due Process Violation

Defendants have contested Plaintiff's complaints of a denial of due process in the handling of his disciplinary conviction by pointing to Plaintiff's own statements in his Amended Complaint (docket entry # 18).  According to Plaintiff, on June 5, 2007 at 1:30 p.m., he was issued a Major Disciplinary by Correctional Officer S. Frank.   Plaintiff acknowledged that he was asked by Officer Frank whether or not Plaintiff wished to list any witnesses at the hearing.   Plaintiff said that he wanted to call inmate Michael Smith, the co-Plaintiff in the instant case, and was allowed to do so.

On Thursday, June 7, 2007, Plaintiff was escorted to Disciplinary Court by Correctional Officer B. Austin. Lorie Taylor, the Disciplinary Hearing Officer, was waiting for Plaintiff when he

---

[1] To properly challenge the disciplinary conviction, Plaintiff should file, in the state circuit court of the county where he is incarcerated, a petition for writ of *mandamus*, under Ark. Code Ann. § 16-115-101, *et seq*., or a petition for a declaratory judgment under 16-111-101, *et seq*. *See Graham v. Norris*, 10 S.W. 3d 457 (Ark. 2000); *Duncan v. Bonds*, 987 S.W. 2d 721 (1999).  If the trial court does not grant Plaintiff's relief, he should appeal to the  Arkansas Supreme Court.  If the Arkansas Supreme Court affirms the trial court's ruling, Plaintiff could then file a petition for writ of habeas corpus in federal court.  Plaintiff might then file a due process claim under § 1983 if he is  successful in overturning the disciplinary conviction in state court, or if he prevails in a habeas action in federal court. *Sheldon*, 83 F.3d at 234.

arrived. Plaintiff was allowed to explain his version of events to Ms. Taylor and to make any statements he so desired. After reviewing the evidence, Ms. Taylor found Plaintiff guilty of two charges, and not guilty of a third charge.  Several hours later Plaintiff was issued the results of the hearing by Officer Austin.  None of the remaining Defendants in this case issued Plaintiff's Major Disciplinary.  They were not involved in the disciplinary hearing proceedings.[2]

The Due Process Clause of the Fourteenth Amendment prohibits governments from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. This clause has two components: procedural due process and substantive due process. *County of Sacramento v. Lewis*, 523 833, 840 (1998). The Supreme Court held in *Wolff v. McDonnell*, 418 U.S. 539 (1974), that the procedural due process protections for inmates in disciplinary proceedings that result in the loss of good-time credits require that the inmate: 1) be given written notice of the charges, 2) be afforded the opportunity for a hearing before an impartial tribunal, 3) have a limited right to call witnesses and present documentary evidence in his defense, and 4) be given a written statement of the reasons for the hearing officer's decision.  These due process rights are limited when their exercise is "unduly hazardous to institutional safety and correctional goals" and broad discretion is accorded to prison officials in making this determination. *See Brown v. Frey*, 889 F.2d 159, 167 (8th Cir. 1989)(*citing Wolf*, 418 at 566).

Review of the Plaintiff's Complaint, Amended Complaint, and supporting documentation shows that he was provided written notice of the hearing, afforded the opportunity for a hearing,

---

[2] The mere allegation, without more, i.e., claims of retaliation, that a prison officer filed false disciplinary charges does not state a claim for relief.  *Dixon v. Brown*, 38 F.3d 370 (8th Cir. 1994); *Sprouse v. Babcock*, 870 F. 2d. 450, 452 (8th Cir. 1989).

allowed to have witness statements from the witness he requested, and was provided a written decision based upon the hearing officer's decision. These facts were presented by Plaintiff himself. As for any due process claim that Plaintiff may be attempting to assert regarding his demotion to administrative segregation following the outcome of his disciplinary hearing, the Eighth Circuit has consistently held that administrative and disciplinary segregation, even without cause, are generally not atypical and significant hardships. *See Phillips v. Norris*, 320 F. 3d 844, 847 (8th Cir. 2003); *Portley-El v. Brill*, 288 F.3d 1063 (8th Cir.2002); *Kennedy v. Blankenship*, 100 F.3d 640, 642 (8th Cir.1996). In *Kennedy*, the Court specifically stated "transfer from administrative segregation to punitive isolation [is] not a 'dramatic departure from the basic conditions' of [an inmate's] confinement and thus does not constitute 'the type of atypical significant deprivation in which a state might conceivably create a liberty interest.'" *See id.* at 643 (*quoting Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 2301 (1995)). Without the underlying liberty interest, Plaintiff cannot maintain an action for violation of his due process rights.

Accordingly, the undersigned finds that Plaintiff's due process rights were not violated. Similarly, to the extent that Plaintiff was attempting to raise such a claim, there appears to be no evidence that Plaintiff's First Amendment rights were violated. Accordingly, the Court recommends that Defendants' Motions to Dismiss be granted with respect to these claims.

**C. Eighth Amendment Claims**

Plaintiff's Eighth Amendment claim appears to be that the act of writing him up for, and/or convicting him of, a major disciplinary violation, without direct knowledge of the incident, amounted to cruel and unusual punishment. However, none of the three remaining Defendants, Luckett, Parks, or Harris, charged Plaintiff with the disciplinary violation or found him guilty of the

charge. They were not present at the hearing, nor has Plaintiff even alleged any particular conduct on the part of any of these Defendants that would give rise to liability for a constitutional violation.

It is well settled that the doctrine of *respondeat superior* does not apply in actions brought pursuant to § 1983 and that, absent certain narrow circumstances, a defendant may be held liable under that statute only for his own personal misconduct. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-92 (1978); *Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997). No where in his Complaint or his Amended Complaint has Plaintiff alleged any specific instances in which these Defendants were personally responsible for constitutional violations. Therefore, Plaintiff fails to state a claim against them for violation of his Eighth Amendment rights. *Beck v. LaFleur*, 257 F.3d 764, 765 (8th Cir. 2001)(holding that plaintiff failed to allege sufficient personal involvement by prison officials when he failed to allege specific facts showing how the officials were responsible for alleged deprivations).

Furthermore, to state a claim under the Eighth Amendment with regard to his assignment to segregation, Plaintiff must allege that his assignment to segregation was punishment involving the "unnecessary and wanton infliction of pain" and was "grossly out of proportion to the severity of the crime." *Gregg v. Georgia*, 428 U.S. 153 (1976). Conditions are not cruel and unusual merely because they are harsh or uncomfortable. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To be cruel and unusual, the plaintiff must be deprived of one or more basic necessities of life. *Brown v. Nix*, 33 F.3d 951 (8th Cir.1994). Assignment to segregation alone does not deny an inmate basic necessities of life. *See Williams v. Delo*, 49 F.3d 442 (8th Cir.1995)(holding assignment to administrative segregation strip cell did not violate Eighth Amendment.)

### D. Grievances

Lastly, Plaintiff's Complaint and Amended Complaint are replete with allegations against the Defendants related to mishandling of or failure to respond to Plaintiff's grievances on these issues.   However, it is well-settled that a prisoner has no constitutional right to an  intra-prison grievance system and that the failure to investigate or respond to a prisoner's grievances is not actionable under 42 U.S.C. § 1983.  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)(finding no constitutional right violated by failure to process grievances).  *See also Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy).

### III.  Conclusion

Accordingly,

IT IS THEREFORE RECOMMENDED that:

1)   Defendants' Motions to Dismiss (docket entries ## 36 & 38) be GRANTED;

2)   Plaintiff's claims against Defendants Luckett, Parks, and Harris be DISMISSED WITH PREJUDICE;

3)   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith; and

4)   Any pending motions be DENIED as moot.

DATED this  17  day of September, 2008.

_____
UNITED STATES MAGISTRATE JUDGE